## THE COMFORT.[1]

#### (Circuit Court, E. D. New York. July 8, 1885.)

LIEN FOR REPAIRS—NON-RESIDENT OWNER—PRESUMPTION.

The decision of the district court in the same case (ante, 158) affirmed.

Admiralty Appeal.

Wilcox, Adams & Macklin, for libelant and appellee.

Roger M. Sherman, for claimant and appellant.

BLATCHFORD, Justice. 1. The district judge states in his opinion that as to the defense set up in the answer, that the work was done in an unskillful manner, he is of opinion that the weight of the evidence is in favor of the libelants. I am of the same opinion.

2. The yacht, at the time the repairs were made, was owned by a non-resident of the state of New York. Therefore, the presumption arose, the repairs being made in New York, and being necessary, and made at the request of the owner, through his authorized agent, that they were made on the credit of the vessel as well as on that of her owner. The Emily Souder, 17 Wall. 666, 670, 671. This presumption is not displaced by the fact that the libelants did not know at the time who the owner was, or that he was a non-resident. They were entitled to the benefit of the lien which the actual *status* of the vessel gave, in the absence of evidence that they waived or supplanted the lien. It was not necessary that anything should have been said about a lien. The libelants charged the repairs to the vessel. Nothing that occurred between the libelants and the agent of the owner amounted to a waiver of the lien; nor did the giving of 90 days' time in which to pay for the repairs.

[1] Reported by R. D. & Wyllys Benedict, Esqs., of the New York bar.

3. The answer admits that the libelants did the work, and that whatever contract there was was with them. They dealt with the agent of the owner under the name of C. & R. Poillon.

4. The marshal's costs, as taxed at $100, and with the taxation affirmed by the district judge, were paid by the claimant, as the decree states. They are not embraced in the appeal.

The libelants are entitled to a decree to the same effect with that of the district court, with costs in this court.